**IN THE SUPERIOR COURT**
**OF GUAM**

FRANKY UKAU AND SOFALIN SINUK, )  Civil Case No. CV1085-16
                                )
            Plaintiffs,          )
                                )
    vs.                          )
                                )
FUSHENG WANG, WEI PING WANG, MIN )  **DECISION & ORDER**
WANG, BRUCE KAROLLE, BRUCE G. KAROLLE )
REVOCABLE LIVING TRUST,          )
                                )
            Defendants.          )
                                )

## INTRODUCTION

This matter came before the Honorable Michael J. Bordallo on Plaintiffs Franky Ukau and Sofalin Sinuk's February 16, 2018 Motion to Consolidate. Attorney Robert L Keogh represents Plaintiffs. Attorney Delia Lujan Wolf represents Defendants Fusheng Wang, Wei Ping Wang, and Min Wang. Having considered the moving papers, arguments, record, and applicable law, the Court issues the following Decision and Order granting Plaintiffs' Motion to Consolidate.

## BACKGROUND

This matter arises out of Plaintiffs' December 5, 2016 Complaint to Set Aside Fraudulent Conveyances of Real Properties. Plaintiffs allege that Defendants Fusheng Wang and Bruce Karolle made fraudulent transfers of properties in an effort to obstruct the

enforcement of Plaintiffs' rights. Plaintiffs previously filed a similar complaint against different defendants in CV0687-14 before the Honorable Anita A. Sukola. Both complaints allege that the various defendants have made transfers of property to obstruct the enforcement of Plaintiffs' rights in those properties.

On February 16, 2018, Plaintiffs filed the present Motion to Consolidate. Plaintiffs assert that because both cases involve common questions of law and facts, consolidation would promote judicial economy and avoid unnecessary delays and costs. Defendants filed an Opposition in response, arguing that consolidation will only delay the resolution of the 2014 action. The Court took the matter under advisement on March 30, 2018.

## ISSUE

Whether consolidating the present case CV1085-16 with CV0687-14 is appropriate under the circumstances of the two matters.

## FACTS

1. On June 26, 2014, the District Court of Guam rendered a Judgment in favor of Plaintiffs, awarding them $6,526,321.33 in compensatory damages along with attorney's fees. The Judgment was against Jennie Wang, Entity Construction, Inc., and Chung Kuo Insurance Company, Ltd.

2. On June 27, 2014, Plaintiffs filed a Complaint to Set Aside Fraudulent Conveyances in the Superior Court of Guam under Civil Case No. CV0687-14. In that Complaint, Plaintiffs allege that Defendants Entity Construction, Ltd. made fraudulent transfers of real property to obstruct Plaintiffs' recovery.

3. CV0687-14 is before the Honorable Anita A. Sukola.

4. On December 5, 2016, Plaintiffs filed the Complaint in this matter, alleging that Fusheng Wang and Bruce Karolle made fraudulent conveyances to obstruct Plaintiffs'

recovery.

## PRINCIPLES OF LAW

### Consolidation

The Guam Rules of Civil Procedure give trial courts the authority to consolidate separate actions. GRCP 42(a) provides:

> **Rule 42. Consolidation**
> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Guam R. Civ. P. 42(a). The Supreme Court of the United States has also explained that "consolidation is allowed by the practice of the court for its convenience, and the saving of time and expense to the parties." Hall v. Hall, 138 S.Ct. 1118, 1126 (2018).

## ANALYSIS

Plaintiffs request the Court to consolidate the present action, CV1085-16, with an action filed earlier, CV0687-14. Plaintiffs argue that there are common questions of law and fact in both cases. Further, Plaintiffs contend that consolidation will promote judicial economy and avoid unnecessary delays and additional costs to the parties. The Court agrees. The Court finds that the questions of law and fact in CV0687-14 are relevant to the issues in the present case. For example, Fusheng Wang is a transferee of property in CV0687-14 and a transferor in CV1085-16. The properties at issue are not identical. However, taking Plaintiffs' factual allegations as true, the Court determines that the transfers of property involving Fusheng Wang in CV0687-14 are relevant in this matter. In other words, some of the transfers challenged in this case may be dependent on determinations yet to be made in CV0687-14. Under these circumstances, the Court concludes that consolidation of CV0687-14 and CV1085-16 is

appropriate. Both cases share common questions of law and fact, and consolidation will advance judicial economy and avoid unnecessary delays and costs.

\\

\\

## CONCLUSION AND ORDER

For the reasons set forth above, the Court GRANTS Plaintiffs Franky Ukau and Sofalin Sinuk's Motion to Consolidate. The Court ORDERS this matter, CV1085-16, to be consolidated with CV0687-14. The Court further orders the Clerk of Court to transfer the file to the Honorable Anita A. Sukola for further proceedings as that court is presiding over the earlier case, which is still in the pre-trial stages.

SO ORDERED, this _24_ day of _May_ 2018.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of: D. Wolff
CNDV, Cunliffer
Date 5/24/18 Time: 4:20 pm
Jerimie K.C. James
Deputy Clerk, Superior Court of Guam